## THE BANK OF LOUISIANA v. LAWLESS.

$\frac{3 \quad 129}{47 \quad 1470}$

An omission by the clerk to state in the copy of the petition served on the defendant the date when the original was filed, is immaterial.

A notary may demand payment of a note by deputy, Stat. 14 March, 1844.

It is unnecessary to prove the endorsement of plaintiff's immediate endorser, when that of the payee is in blank.

Where one of the makers of a joint note, subsequently assumes the payment of the whole amount, the holder will be entitled to the benefit of the assumption. C. C. 1884, 1896. C.P. 35. In such a case it will be unnecessary to join his co-obligor in the action.

Where a note is payable at a particular counting-house, notice of non-payment to the maker is unnecessary.

A judgment allowing ten dollars for notarial copies offered in evidence, though not sustained by proof of the payment of so much, will not be reversed merely on that account. *Aliter*, where the attention of the lower court was specifically called to the charge as an exhorbitant one, and it refused to correct it.

APPEAL from the District Court of Terrebonne, *Randall*, J. *Ilsley*, for the plaintiffs. *Cole*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. After personal service upon the defendant of a citation, which appears to us to have been in due form, and of a copy of the petition in which the clerk omitted to state the date when the original was filed, (an omission which seems to us of no importance,) judgment by default was taken. After this, an exception was filed by the defendant, alleging what the defendant considered as informalities and defects in the petition and citation. This exception was evidently interposed for the mere purpose of delay, and was in our opinion untenable, and was properly dismissed. The protest appears to have been properly recorded, the certified copy was therefore properly admitted. The notary was authorised to make the demand by his deputy. See the Acts of 1844, p. 26. It was not necessary to prove the endorsement of the plaintiffs' immediate endorsee, as the endorsement of the payee was in blank.

Although the note was originally binding on the defendant and R. C. Lawless jointly, it is satisfactorily proved as alleged in the plaintiffs' petition, that defendant subsequently assumed to pay the entire debt; and the plaintiffs were entitled to the benefit of the assumption. Civil Code, 1896, 1884. Code of Practice, 35.

The defendant having become bound for the entire debt, it was unnecessary to join the co-obligor in the action. No notice of non-payment to the maker was necessary. *Bradford* v. *Cooper*, 1 Annual R. 325.

Although the allowance of ten dollars for notarial copies offered in evidence is not sustained by proof that so much had been paid for them, it is to be presumed that they cost something; and the amount, even if erroneously allowed, is too insignificant to justify a non-suit under the circumstances. If there was really an overcharge in this incidental item, and the attention of the court below had been specifically called to it, and the court had refused to correct it, there would have been some reason for expecting relief in this court.

*Judgment affirmed.*